23 C.C.P.A.(Patents)

## In re LAWSON.

### Patent Appeals No. 3641.

Court of Customs and Patent Appeals.
June 1, 1936.

Roy F. Lovell, of Pawtucket, R. I., for appellant.

**830**

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

There is involved in this appeal from a decision of the Board of Appeals of the United States Patent Office twenty-four claims (appellant having withdrawn the appeal as to one claim) of an application for patent entitled, "Stockings, Machines for, and Methods of Making Same." As filed, the application included claims for the product—stockings—but these were divided out in response to a requirement for division. So, the claims before us cover only the method and the machine. They stand rejected upon prior art. No claims were allowed. Those upon appeal are numbered, respectively, 2 to 5, 7 to 9, 12 to 23, and 28 to 32.

Each of the claims is distinguished from the others by certain limitations expressed therein. Claims 2 and 18 seem fairly to illustrate the subject-matter of the respective method and machine claims:

"2. A method of knitting rib and plain fabric sections on one knitting machine, consisting in first, knitting rib fabric upon rib and plain needles and thereafter adding other plain needles to the plain needles first mentioned and at the same time continuing the rib wales as plain wales independent of the plain wales thereafter knit upon the plain needles.

"18. In a knitting machine two sets of needles, a cam for moving one set of needles to take thread and knit, two cams for independently moving the other set of needles to take thread and knit, the cam for moving the first mentioned set of needles and one of the cams for moving the second mentioned set of needles to take thread and knit adapted to cooperate in the knitting of ribbed fabric, the cooperating cams for controlling the respective sets of needles adapted to knit at least one course of ribbed fabric, the cam for controlling the first set of needles adapted to continue to actuate needles to take thread and knit while the cooperating cam for controlling the other set of needles is rendered inactive and the other cam for controlling the needles second mentioned is rendered active so that the respective sets of needles may knit independent fabric sections."

From these claims, it appears that the machine is equipped with a set of dial needles and a set of co-operating cylinder needles. The dial needle bed is arranged at right angles to the cylindrical needle bed. The specification describes in detail the various stages or steps in the knitting process and these are illustrated in successive figures of drawings.

The Examiner says:

"The contribution resides in making a change, with means therefor, from rib to plain and vice versa with the necessary selection of needles for knitting."

In the decision of the Board is found the following description of operation:

"This application relates to the knitting of rib top stockings but instead of first knitting the rib top and then transferring this to a machine for knitting plain fabric in the usual manner, the entire stocking is knit on a single machine. In carrying out this operation, the dial needles are employed to knit a few plain courses after all the cylinder needles have started to knit plain. These extra courses are provided to prevent running of the rib wales which are cast off from the dial needles."

Four references are cited as follows: Pepper et al., 461,508, October 20, 1891; Swinglehurst, 1,058,492, April 8, 1913; Masllorens, 1,646,301, October 18, 1927; Nobst et al., 1,720,606, July 9, 1929.

Pepper discloses a machine upon which is carried out the French welt type of knitting, a feature of some of the claims on appeal. His machine includes two independent plain portions.

The Swinglehurst patent discloses a single machine used to knit both the rib top and the plain portion of the stocking. After the rib top is completed on the dial needles, the knitting is continued on them for a few courses to prevent the running of the rib wales, the same purpose for which appellant uses his dial needles after his cylinder needles have started to knit plain.

Masllorens shows a two-feed rib top machine for use in producing rib top fabrics, it being of the dial and cylinder type and having means for selecting cylinder or plain needles. Also, this patent teaches the knitting of the French welt.

The patent to Nobst et al. discloses a machine having an upper and lower nee-

dle cylinder of the same diameter, arranged in axial alignment and employing needles slidable from the groove of one cylinder into an aligned groove of the other cylinder and adapted to draw stiches when in either cylinder.

Both the Examiner and the Board held the Swinglehurst and Masllorens patents to be the principal references, the Board saying that it regarded the others "as cumulative."

In his statement following the appeal to the Board the Examiner applied the references in detail. It may be said that as to certain of the claims the Examiner applied additional grounds of rejection, some claims being held to be functional and others indefinite, but these additional grounds seem not to have been wholly approved by the Board. So, the only question before us is whether all were properly rejected upon the prior art cited.

The brief on behalf of appellant describes in detail the difference in operation between his machine and that of Swinglehurst, several pages being devoted thereto. The gist of this matter is expressed in the brief as follows:

" * * * Whereas Swinglehurst knits at the same feeding station with the same yarn, when knitting the rib courses, the transfer courses and the following plain fabric, appellant Lawson knits the transfer courses with two yarns, i. e., the dial needles knit one yarn at the auxiliary feeding station while *all* the cylinder needles knit another yarn at the main feeding station." (Italics quoted.)

The alleged advantages of appellant's machine over that of Swinglehurst are then described, and these are supported by an affidavit which we cannot accept for any purpose, it not having been before the tribunals of the Patent Office, and not being a part of the record in the case.

The Board, in the course of its decision, says:

"Swinglehurst clearly discloses the use of a single machine to knit both the rib top and the plain portion of the stocking. He continues knitting on the dial needles, after the rib top is completed, for a few courses for the same purpose that appellant does, i. e., to prevent the running of the rib wales which were knit on the dial needles. Swinglehurst also throws twice the number of dial needles into action for knitting the leg and this is shown and claimed by appellant. The essential difference between the two operations is that Swinglehurst discloses only a one-feed machine and he therefore cannot start to knit his plain leg portion until after the plain courses have been knit on the dial needles.

"Masllorens shows a two-feed rib top machine and we are convinced that any one possessing this machine and desiring to knit a complete stocking, after having received the suggestion from Swinglehurst, would have no difficulty in employing the Masllorens machine in this manner and we believe that this would be an obvious thing to do. Probably it would be desirable to employ a cylinder carrying twice as many needles as dial needles, but this is taught by Swinglehurst and therefore this would be a part of the obvious procedure in arranging the Masllorens rib top machine to knit the complete stocking."

We have quite carefully considered the contentions on behalf of appellant with respect to the actual differences between his machine and the machines of the references. That certain modifications of the references are necessary to produce his machine is doubtless true and this probably results in some changes in method, but we are not convinced that these modifications require anything more than is obvious to one skilled in the art.

We appreciate the fact that the knitting machine art is quite complicated, and that even small changes from prior art may sometimes require the exercise of the inventive faculty, but such changes as appellant made do not seem to us to be in that class. The record clearly discloses that every claim of appellant and each limitation of every claim received careful analysis, first by the Examiner and later by the Board. The arguments which were presented on behalf of appellant before us are evidently the same in substance as those presented before the experts of the Patent Office. To here review these arguments in detail and comment upon each specific point would lead us only to a restatement of what the experts have already clearly and succinctly stated, and no good purpose could be served by so doing.

We are not convinced of error in the rejection of appellant's claims. The appeal is dismissed as to claim 24 (the appeal as to which was withdrawn), and the decision of the Board of Appeals as to all others is affirmed.

Affirmed.